IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No.5:10-CV-409-FL

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel FERGUSON ENTERPRISES, INC. of VIRGINIA d/b/a FERGUSON ENTERPRISES, INC., <br><br>   Plaintiff, <br><br> v. <br><br> CLEAN AIR CONSULTANTS, LLC, MARK COSTANTINI, THE HANOVER INSURANCE COMPANY, and DTC ENGINEERS & CONSTRUCTORS, LLC, d/b/a DTC E&C, LLC, <br><br>   Defendants. | ORDER |

Pursuant to Federal Rule of Civil Procedure 16(b), the court conducted a pretrial conference by telephone in this case on January 14, 2011, with plaintiff appearing through counsel Byron L. Saintsing and Thomas Grey, defendants Clean Air Consultants, LLC and Mark Constantini appearing through counsel Paul E. Davis, and defendants Hanover Insurance Company ("Hanover Insurance") and DTC Engineers & Constructors, LLC d/b/a DTC E&C, LLC ("DTC") through James C. Thornton. After reviewing the parties' joint report and plan, filed January 6, 2011, and considering the issues raised at conference, the court orders the following:

A.  Regarding motion to dismiss filed by defendants Hanover and DTC (DE # 19), the basis of said motion is that plaintiff is a third-tier supplier without recourse under the Miller Act. In support of this argument, Hanover Insurance and DTC attached two extrinsic materials to the

motion: the affidavit of Sailesh Atluru, president of defendant DTC, and a subcontract between defendant DTC and an entity called Euro Enterprises. Plaintiff's response to the motion to dismiss reveals a dispute over whether plaintiff is a third tier subcontractor. Rule 12(d) of the Federal Rules of Civil Procedure states that if on a 12(b)(6) motion, matters outside the pleadings are presented and not excluded by the court, the motion must be treated as one for summary judgment, and all parties must be given a reasonable opportunity to respond. Fed. R. Civ. P. 12(d). In light of the materials filed by defendants and the discussion that took place at the pretrial conference, the court finds the motion to dismiss susceptible to this characterization. Acting within its discretion, the undersigned deems the motion not timely, and, accordingly, DENIES said motion without prejudice to its renewal.

B. The parties have agreed to conduct limited discovery regarding certain issues of or relating to the status of defendants Hanover Insurance and DTC (as raised in that motion to dismiss made mention of above), and liability also of Clean Air Consultants, LLC and Mark Constantini.

C. To expedite resolution of issues in dispute, including through mediation, it was agreed that plaintiff shall promulgate preliminary written discovery within ten (10) days, and defendants shall promulgate their preliminary written discovery, if any, no later than seven days thereafter. Responses are due thirty (30) days from date of service.

D. Also as discussed and agreed upon, the parties shall conduct mediation by a date in or around the middle of March. Within ten (10) days from date of entry of this order, the parties are to submit the name of their mediator and the date of mediation, in joint letter.

E. If settlement is reached, the court immediately shall be alerted. If no settlement of the issues

in dispute is able to be achieved, the parties promptly shall notice the court, in any event, no later than April 1, 2011, and in said notice the parties may suggest any changes deemed necessary to the schedule of the case. Thereafter, the court shall enter such other and further orders as appropriate, establishing pre-trial deadlines, including but not limited to, those relating to the conduct of remaining discovery, the filing of motions, and a trial date certain.

SO ORDERED, this the 15th day of January, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge